IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>SOPHIA BRODSKY,<br><br>    *Debtor.*<br>GMAC INC.<br>    *Plaintiff,*<br>  v.<br>SOPHIA BRODSKY<br>    *Defendant.* | Case No. 09-10566(JFK)<br>CHAPTER 7<br><br>UNITED STATES BANKRUPTCY COURT<br>900 MARKET STREET, SUITE 400<br>PHILADELPHIA, PENNSYLVANIA 19107 |

COMPLAINT TO OBJECT TO DISCHARGE OF DEBTOR, SOPHIA BRODSKY,
OR
TO DETERMINE DISCHARGEABILITY OF DEBT

  GMAC Inc. (hereinafter referred to as "GMAC"), by and through its counsel, Lavin, O'Neil, Ricci, Cedrone & DiSipio, hereby represents as follows:

COUNT ONE
COMPLAINT TO OBJECT TO DISCHARGE OF DEBTOR

  1. The Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. §157(b)(2)(J) (Core Proceeding), and 11 U.S.C. §727.

  2. The above-captioned Debtor filed a voluntary petition under Chapter 13 of the United States Code on January 28, 2009.

  3. The Debtor's Chapter 13 case was converted to a Chapter 7 on November 13, 2009.

  4. Under the provisions of 11 U.S.C. §727(c)(1), a creditor may object to the granting of a discharge under §727(a).

  5. GMAC is a creditor of the above-captioned Debtor. GMAC's claim arises from a Retail Installment Sales Contract (hereinafter referred to as the "Contract" executed by the

Debtor, Sophia Brodsky, on August 1, 2006, and delivered to Autoway Chevrolet with respect to the purchase of a 2007 Chevrolet Cobalt, VIN No. 1G1AK15F077111305 (hereinafter referred to as the "Vehicle"). A true and correct copy of the Contract is attached to and incorporated in this Complaint as Exhibit "A."

6. Under the terms of the Contract, Debtor, Sophia Brodsky, agreed to pay to the dealer the principal sum of $17,964.94 plus finance charges calculated at an annual percentage rate of 13.99% in 71 consecutive monthly installments of $373.42 with the first installment due and payable on September 1, 2006.

7. The dealer assigned the Contract to GMAC and the Debtor became obligated to GMAC under the terms of the Contract.

8. Pursuant to the terms of the Contract and as security for the loan, Debtor granted the dealer and its assignee, GMAC, a security interest in and to the vehicle; any accessories, equipment and replacements parts installed in the Vehicle; and, proceeds of any insurance policies or service Contracts on the Vehicle.

9. GMAC's security interest in and to the Vehicle was perfected by the notation of its lien on the Certificate of Title for the Vehicle (hereinafter referred to as the "Title"), which is filed with the Commonwealth of Pennsylvania. A true and correct copy of the Title is attached and incorporated to this Complaint as Exhibit "B."

10. Debtor has defaulted on her obligations on the Contract by failure to make installment payments to GMAC when due. Debtor last made a payment to GMAC on September 8, 2008.

11. Debtors Chapter 13 plan, signed by debtor on February 13, 2009, indicated she would surrender the vehicle to GMAC.

12. A Motion for Termination of the Automatic Stay was filed on behalf of GMAC with the Clerk of the Bankruptcy Court on February 26, 2009.

13. An order was entered by Judge Jean K. FitzSimon on March 18, 2009, granting GMAC relief from the automatic stay with respect to the Vehicle.

14. GMAC has been unable to effect a self-help repossession of the Vehicle without breach of the peace. In January 2010 GMAC filed an action in Philadelphia County Pennsylvania for replevin of the Vehicle.

15. By letter dated October 29, 2009, debtor's counsel advised the vehicle was located at Bucks County Collision in Bensalem, PA. However, when Bucks County Collision was contacted by GMAC, they did not have the vehicle.

16. By letters of December 15, 2009 and January 29, 2010, Debtor's counsel was advised of the fact that the Vehicle had not yet been surrendered. Debtor's counsel was also advised that if the Vehicle was not promptly surrendered, that GMAC would file a dischargeability complaint.

17. To date, Debtor has not surrendered the Vehicle to GMAC and has not advised GMAC of the location of the Vehicle.

18. By her conduct, Debtor intentionally hindering, delaying and defrauding GMAC, a creditor, by transferring, removing and concealing property of the estate after the date of the filing of the petition.

19. For the reasons above, it is respectfully requested that this Court should not grant the Debtor a discharge pursuant to §727(a)(2)(B).

## COUNT TWO
## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

1. The Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C.(B)(2)(I) (Core Proceeding), and 11 U.S.C. §523(a)(6).

2. Paragraphs (1) through (18) are hereby repeated and incorporated.

3. The failure by Debtor to surrender the Vehicle to GMAC constitutes a willful and malicious injury by the Debtor to another entity or property of another entity under §523(a)(6).

4. For the reasons above, the balance owed by Debtor of $15,273.10 on the Contract to GMAC is non-dischargeable pursuant to §523(a)(6).

WHEREFORE, GMAC prays this honorable Court to exercise its power under 11 U.S.C. §727 and refuse to grant the Debtor, Sophia Brodsky, a bankruptcy discharge, or in the alternative, to find the debt to GMAC non-dischargeable pursuant to 11 U.S.C. §523(a)(6) and to grant non-dischargeable judgment against the defendant, Sophia Brodsky, in favor of GMAC in the amount of $15,273.10 plus interest, attorneys fees and costs, or any other such relief as the Court may deem appropriate.

Respectfully submitted,

BY: /s/ Regina Cohen
Regina A. Cohen, Esquire
Lavin, O'Neil, Ricci, Cedrone & DiSipio
190 N. Independence Mall West, Suite 500
6th & Race Streets
Philadelphia, PA 19106
(215) 627-0303

Attorneys for Plaintiff,
GMAC Inc.

Date: 2/12/2010

1306208v1